CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBBIE G. SIMMONS, | ) |
|     Plaintiff, | ) Civil Action No. 7:04CV00441 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:   Honorable Glen E. Conrad |
|     Defendant. | )        United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Debbie G. Simmons, was born on April 19, 1957. Mrs. Simmons reached the eighth grade in school. She has worked as a nursing assistant, sales person, materials processor, and food server. She last worked on a regular and sustained basis in October of 2001. On May 22, 2003, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Mrs. Simmons alleged that she became disabled for all forms of substantial gainful

employment on October 5, 2001 due to arthritis, fibromyalgia, thyroid problems, back discomfort, heel problems, joint pain, stiffness and weakness in her knees, severe hip and back pain, anxiety, and depression. Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Simmons met the insured status requirements of the Act through the fourth quarter of 2005, but not thereafter. See gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2005. See gen., 42 U.S.C. § 423.

Mrs. Simmons' claims were denied upon initial consideration and reconsideration. She then sought and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 12, 2003, the Law Judge also determined that plaintiff is not disabled. The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Simmons appealed to this court.

By memorandum opinion and order entered March 29, 2005, the court remanded plaintiff's case to the Commissioner for consideration of new medical evidence. The new medical evidence consisted of a psychological report from Dr. Suzanne R. Eaton. In assessing the probative value of Dr. Eaton's report, the court commented as follows:

> In her assessment, Dr. Eaton diagnoses recurrent, major depressive disorder; generalized anxiety disorder; and panic disorder without agoraphobia. The psychologist notes that plaintiff has not been taking medication for her emotional symptoms, because she has lost her health insurance. More importantly, in her functional evaluation, Dr. Eaton reports that plaintiff is capable of performing simple work tasks, and that she is capable of dealing with stress and interacting with the public and coworkers. Thus, there is some reason to believe that Mrs. Simmons could perform the sedentary work roles envisioned by the Administrative Law Judge

2

even given the functional assessment provided by Dr. Eaton. On the other hand, Dr. Eaton states that plaintiff's work day or work week could be interrupted because of panic attacks. The court is constrained to conclude that if plaintiff experiences uncontrollable panic attacks with some regularity, the vocational expert's assessment of plaintiff's capacity for alternate work activities might have been different.

(TR 419).

Following entry of the court's order of remand, the case was assigned to the same Administrative Law Judge for further consideration.[1] In connection with his supplemental review, the Administrative Law Judge caused the record in plaintiff's case to be reviewed by a nonexamining state agency psychologist. The Law Judge also arranged for a new psychological evaluation with Dr. Pamela Tessnear. The Law Judge conducted a supplemental administrative hearing on November 8, 2005. On December 23, 2005, the Law Judge produced an opinion again denying plaintiff's entitlement to a period of disability, disability insurance benefits, and supplemental security income benefits. The Law Judge apparently determined that plaintiff's physical condition was essentially unchanged, referencing his earlier opinion in which he found that Mrs. Simmons suffers from foot problems, radiculopathy, obesity, and fibromyalgia. The Law Judge went on to comment as follows:

> From the evidence as a whole, the Administrative Law Judge concludes that, from and after October 5, 2001, the claimant retains the physical residual functional capacity to lift and carry at least 10 pounds occasionally, and less than 10 pounds frequently. She can stand and/or walk at least two hours in an eight hour workday, with normal workday breaks, but is limited to standing and/or waling [sic] for only 30 minutes [at] a time. She can sit for at least six hours in an eight hour workday, but is precluded from performing any repetitive stooping, bending, crouching, or crawling, or any repetitive use of the right, non-dominant arm.

---

[1] It seems that shortly after the administrative denial of her first set of applications, Mrs. Simmons filed new applications for disability insurance benefits and supplemental security income benefits. These new applications were denied upon initial consideration and reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge. In considering plaintiff's case following the court's order of remand, the Administrative Law Judge consolidated the old set of claims and the new set of claims for hearing and decision.

3

(TR 374).

The Law Judge then undertook a thorough and detailed assessment of plaintiff's nonexertional impairments. The Law Judge observed that Dr. Tessnear, the consultative psychologist, found a greater measure of work-related restriction than did either Dr. Eaton, who produced the report which occasioned the court's order of remand, or Dr. Howard Leizer, the nonexamining state agency psychologist. (TR 369). The Law Judge ultimately accorded greater weight to the assessments of Dr. Leizer and Dr. Eaton. (TR 370). Notably, the Law Judge considered the reports from all three mental health specialists, as well as all the other evidence of record, in concluding that Mrs. Simmons suffers from panic attacks once weekly. (TR 376). The Law Judge found as follows:

> Due to panic attacks once weekly, the claimant is limited to work that does not require exposure to a grocery store-like atmosphere, and she must avoid work that requires exposure to the public in public places. She retains the ability for work that will accommodate moderate limitations in her ability to understand, remember, and carry out detailed instructions; moderate limitations in her ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; moderate limitations in her ability to sustain an ordinary routine without special supervision, complete a normal workday or workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest breaks; moderate limitations in her ability to accept instruction and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting; and moderate limitations in her ability to set realistic goals or make plans independently of others.

(TR 376-77).

Based on her combination of physical and nonexertional impairments, the Law Judge found that Mrs. Simmons is disabled for all of her past relevant work roles. However, given plaintiff's residual functional capacity, and after considering Mrs. Simmons' age, education, and prior work

4

experience, as well as the testimony of a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Simmons is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920 (g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted all available administrative remedies, Mrs. Simmons has again appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Without going into any great detail, the court concludes that the medical record supports the Law Judge's finding of residual, physical capacity for a limited range of sedentary exertion. In this context, the court notes that the Administrative Law Judge fully considered plaintiff's foot problems, as well as her pain, fatigue, and lack of stamina. The Law Judge reviewed all of the medical reports, and concluded that plaintiff

retains the capacity to perform work in which she is not routinely required to handle objects weighing more than 10 pounds, and in which she is allowed to sit or stand as needed. He also noted that Mrs. Simmons is unable to perform any repetitive stooping, bending, crouching, or crawling, and that she is unable to engage in repetitive use of her right, non-dominant arm. The court believes that such an assessment is fully supported by the medical record, and that the assessment is not overly inconsistent with plaintiff's testimony and her description of her regular activities.

Once again, the key conflict in this case concerns the severity of plaintiff's nonexertional impairments. To the extent that the Administrative Law Judge's opinion could be read so as to indicate that he accorded greater weight to the report of Dr. Leizer than to the reports of the examining psychologists, the court does not believe that the Commissioner's final decision is consistent with the evidence or the governing administrative regulations. See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1). However, the court believes that the Administrative Law Judge's opinion directly assesses the issue which prompted the court's earlier order of remand: the regularity and vocational significance of plaintiff's panic attacks. Having reviewed all of the evidence of record, the court finds that there is substantial evidence to support the Law Judge's determination that Mrs. Simmons' panic attacks do not occur more frequently than once a week. Furthermore, the court finds that the vocational expert specifically testified that, despite the occurrence of panic attacks of such frequency, plaintiff could still perform work as a sedentary cashier who does not work in a public setting. (TR 815-16). It also appears that the vocational expert testified that such sedentary cashier positions exist in significant number in the national economy. (TR 816). In short, the court believes that the Administrative Law Judge properly relied upon the vocational expert's testimony in concluding that Mrs. Simmons retains sufficient functional capacity to perform at least

6

one sedentary work role which exists in significant number in the national economy. It follows that the Commissioner's final decision denying plaintiff's claims for benefits is supported by substantial evidence and must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Simmons is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff has suffered from a variety of physical problems, which can be expected to result in such symptoms. However, it appears to the court that the Administrative Law Judge specifically considered such limitations in concluding that Mrs. Simmons is restricted to a less than full range of sedentary exertion. The court believes that this finding is consistent with the medical reports from the doctors who treated Mrs. Simmons, and is also consistent with plaintiff's testimony that her primary problems involve her back and feet. (TR 320). The Law Judge's assessment of Mrs. Simmons' case also accounts for her inability to work around crowds of people. (TR 324). The Law Judge specifically addressed plaintiff's propensity for panic attacks, and made findings as to the frequency of such attacks which are fully consistent with the report of Dr. Eaton, the examining psychologist who first made note of this condition. (TR 704). While the court may entertain some reservations as to the testimony of the vocational expert, the vocational expert nevertheless opined that a person who suffers from the physical and emotional impairments documented in the record in Mrs. Simmons' case could be expected to work as a sedentary cashier in a non-public setting. Stated differently, the court charged the Administrative Law Judge to make findings as to the frequency of plaintiff's panic attacks and consider the vocational significance of panic attacks of such frequency. The Administrative Law Judge discharged this responsibility.

7

It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge fully considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 5th day of December, 2007.

/s/ Glen Conrad
United States District Judge

8